**UNITED STATES v. ORTH et al.**

District Court, E. D. South Carolina, Charleston Division.

Dec. 28, 1942.

Claud N. Sapp, U. S. Atty., of Columbia, S. C., and Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C., for the Government.

Stoney, Crosland & Pritchard and Paul M. Macmillan, all of Charleston, S. C., for defendants.

TIMMERMAN, District Judge.

The above-entitled action was instituted by the United States for the purpose of cancelling a certificate of naturalization theretofore issued to the defendant Albert Orth.

The complaint alleges that when the said defendant applied for naturalization he stated in his petition that it was then and there his bona fide intention to become a citizen of the United States and to renounce all allegiance and fidelity to every foreign prince, state, potentate or sovereignty whatsoever, and more especially William II of Germany, and that he was then and there ready to renounce all allegiance and fidelity to every foreign prince, state, potentate or sovereignty, and that he was then and there attached to the principles of the Constitution of the United States, and he took oath to support the Constitution of the United States, and that he swore that he solemnly renounced and abjured all allegiance and fidelity to every foreign prince, state, potentate or sovereignty. The complaint further alleges that the representations made by the defendant in the said petition and oath were false and fraudulent in that the defendant was not in fact attached to the principles of the Constitution of the United States at the time of the filing of the said petition and the taking of the said oath, and that he did not in good faith intend to renounce all allegiance and fidelity to Germany, of which he was then a subject, and intended to retain allegiance and fidelity to Germany.

The defendants moved for an order directing the plaintiff to make the complaint more definite and certain or for a bill of particulars making the complaint more definite and certain by setting out in what particular respects the representations made by the defendant Albert Orth in his petition for naturalization and in his oath of allegiance were false or fraudulent, and in what particular respects the defendant Albert Orth fraudulently secured the certificate of naturalization, and by setting out specifically in what respects the said defendant did not in good faith intend to re- nounce absolutely all fidelity and allegiance to Germany, and by setting up the dates, times and places of any act or acts committed by the defendant Albert Orth justifying the allegations contained in the complaint, and by setting out specifically the dates, times and places and names of persons when, where and to whom the defendant Albert Orth made any statement or statements justifying such allegations.

Rule 9(b) of the Rules of Civil Procedure 128 U.S.C.A. following section 723c, provides that in all averments of fraud the circumstances constituting fraud shall be stated with particularity and that intent and other condition of mind of a person may be averred generally. I am of the opinion that the complaint complies with the requirements of that rule inasmuch as the allegations of the complaint state in what respect the fraud was committed in the obtaining of the certificate of naturalization and the taking of the oath therein referred to. To grant the motion of the defendants would require the Government to furnish to the defendants in advance of the trial the evidence upon which it relies to prove its case, and would result in unduly limiting the Government in the proof of its case.

It is, therefore, ordered that the motion be and hereby is denied.